at Tonawanda Junction. The court allowed the jury to find negligence because the snow was on the track. He stated in his main charge:

"I think it may be said that it is self-evident that according to the testimony, all of the testimony in this case, if there was any snow upon the west-bound track, it came from the body of the snowbanks on the one side or other of the tracks, or from both."

There was no evidence that the snow came from either side of the track. The rotary plow was one in common use, was operated in the usual way, and there is no evidence that its impact with the snow on the east-bound track crowded the snow between the tracks on the west-bound track, and none which would justify that inference. The jury were left to speculate over the way in which the snow was piled on the track. Negligence is imputed to the defendant, and the specific acts constituting it. should have been shown; otherwise, the defendant could not meet the accusation. The complaint alleged one ground of negligence, another was submitted to the jury, and there was no evidence in support of either. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

Judgment and order reversed, and new trial granted, with costs to the appellant to abide event. All concur.

---

(55 Misc. Rep. 402.)

### ÆTNA LIFE INS. CO. v. NORTH STAR MINES CO.

#### (Supreme Court, Special Term, New York County. July, 1907.)

PLEADING—ANSWER—DEMURRER.

> Where defendant, in a statement of the separate defense, intended to reiterate the allegations in previous paragraphs of his answer, but instead referred to them as paragraphs of "this amended complaint," a demurrer to the answer will be sustained.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 193, 408–421.]

Action by the Ætna Life Insurance Company against the North Star Mines Company. Demurrer to second counterclaim sustained.

E. Sidney Berry, for plaintiff.

Joseph H. Choate, Jr., for defendant.

BISCHOFF, J. Because of what is doubtless an error in the form of the counterclaim demurred to, I cannot determine the issue of law upon the merits of the pleading, as to substance, and the demurrer must be sustained. The action is for premiums upon policies of insurance against injury to employés of the defendant, and the counterclaim is based upon claims accruing to the employés and collectible from the plaintiff by the defendant as "trustee."

There is no averment in the counterclaim that the parties had entered into any contractual relations, since the contract is not alleged otherwise than by reiteration of "each and every allegation contained in the first, fourth, and fifth paragraphs of this amended complaint." Doubt-

106 N.Y.S.—35

less, the defendant intended to refer to the answer, not the complaint; but the issue of law must be determined upon the words employed. Resort to the complaint, which is not, indeed, an "amended complaint," does not aid the counterclaim, because the paragraphs referred to do not set forth the contract, and, as the counterclaim stands, there is no statement of fact to support the plaintiff's liability to the defendant either as "trustee" or otherwise. The demurrer is therefore sustained, with costs, with leave to defendant to amend upon payment of costs within 20 days.

Demurrer sustained, with costs, with leave to defendant to amend upon payment of costs within 20 days.